**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MATTHEW L. GAETZ II**<br>*Plaintiff*<br><br>**v.**<br><br>**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**<br>*Defendants.* | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Action No: 24-cv-3584 |

**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

Plaintiff Matthew L. Gaetz II ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendants United States House of Representatives Committee on Ethics (the "Committee") and Michael Guest, in his official capacity as Chairman of the Committee, and alleges as follows:

## NATURE OF THE ACTION

This action challenges the Committee's unconstitutional and ultra vires attempt to exercise jurisdiction over a private citizen through the threatened release of an investigative report containing potentially defamatory allegations, in violation of the Committee's own rules, House Rules, the Due Process Clause, and the Privacy Act of 1974.

The Plaintiff was a member of Congress from January 3, 2017 – November 13, 2024. During a portion of that time, Defendants began an investigation related to previously unsubstantiated allegations of misconduct. After Plaintiff’s

resignation from Congress, Defendants improperly continued to act on its investigation, and apparently voted to publicly release reports and/or investigative materials related to Plaintiff without proper notice or disclosure to Plaintiff. On December 22, 2024, the news-media reported that Defendants intends to release information related to Plaintiff's investigation as early as 9:00am EST. The Committee's apparent intention to release its report after explicitly acknowledging it lacks jurisdiction over former members, its failure to follow constitutional notions of due process, and failure to adhere to its own procedural rules and precedent represents an unprecedented overreach that threatens fundamental constitutional rights and established procedural protections.

**JURISDICTION, STANDING, AND VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States.

Plaintiff has standing to bring this action despite his status as a former Member of Congress. The Supreme Court's decision in *Powell v. McCormack*, 395 U.S. 486 (1969), explicitly establishes that former Members of Congress maintain standing to challenge congressional actions that threaten personal injury to their rights and interests. As in *Powell*, where the Court found standing based on the plaintiff's claim for back pay even after he had been seated in a subsequent Congress, Plaintiff here faces concrete personal injury from the Committee's ultra vires actions that would persist regardless of his current status.

This case is fundamentally distinct from cases involving congressional discipline of sitting members under the Expulsion Clause. In *United States v. Traficant*, 677 F.3d 7 (6th Cir. 2012), and *Rangel v. Boehner*, 20 F. Supp. 3d 148 (D.D.C. 2013), courts declined to review disciplinary actions against sitting members, citing the political question doctrine and Congress's explicit constitutional authority to discipline its members. However, the present case does not challenge any disciplinary action taken while Plaintiff was a member. Rather, it challenges the Committee's attempt to exercise continued authority over a private citizen after explicitly acknowledging it lacks jurisdiction over former members.

Unlike *Rangel*, where the court found a "demonstrable textual commitment to another branch of government" regarding discipline of sitting members, this case presents the opposite scenario - an attempt to exercise authority where the Committee has explicitly disclaimed jurisdiction. The political question concerns that animated *Traficant* and *Rangel* are entirely absent here, as this case challenges actions explicitly beyond the Committee's acknowledged jurisdiction rather than the exercise of legitimate disciplinary authority over sitting members.

The justiciability of Plaintiff's claims is further supported by *Powell's* holding that courts may review congressional actions when they require "no more than an interpretation of the Constitution." 395 U.S. at 548. The present case presents a straightforward question of the Committee's constitutional authority to release potentially defamatory information about a private citizen after acknowledging it lacks jurisdiction over former members.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this district.

**PARTIES**

Plaintiff Matthew L. Gaetz II is a private citizen and former Member of Congress.

Defendants United States House of Representatives Committee on Ethics is a standing committee of the U.S. House of Representatives. Defendant Michael Guest is the Chairman of the Committee and is sued in his official capacity.

**FACTUAL ALLEGATIONS**

1. Plaintiff Matthew Gaetz is a private citizen and former Member of the House of Representatives. Defendants United States House of Representatives Committee on Ethics is a standing committee of the U.S. House of Representatives. Defendants Michael Guest is the Chairman of the Committee and is sued in his official capacity.

2. Plaintiff is a resident of the State of Florida.

3. Defendant, United States House of Representatives Committee on Ethics, is a Federal Governmental body, specifically a committee comprised of congressional representatives controlled and governed by the Rules of the Committee on Ethics[1].

4. Defendant, Michael Guest, is a resident of the State of Mississippi. He is a member of the House of Representatives and Chairman of the House Committee on Ethics.

[1] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://ethics.house.gov/wp-content/uploads/2024/11/CoE-Adopted-Rules-118th_0.pdf

5. On or about April 9, 2021, Defendants first made a public statement indicating its investigation into Plaintiff, stating:

> The Committee is aware of public allegations that Representative Matt Gaetz may have engaged in sexual misconduct and/or illicit drug use, shared inappropriate images or videos on the House floor, misused state identification records, converted campaign funds to personal use, and/or accepted a bribe, improper gratuity, or impermissible gift, in violation of House Rules, laws, or other standards of conduct. The Committee, pursuant to Committee Rule 18(a), has begun an investigation and will gather additional information regarding the allegations.

6. On or about February 15, 2023, the United States Department of Justice ("DOJ") advised Plaintiff it was not pursuing criminal charges against him for allegations of sex trafficking, obstruction of justice, or any other federal charges. Upon information and belief, the allegations investigated by the DOJ substantially overlapped with the allegations investigated by the Committee.

7. On or about May 23, 2023, Defendants notified Plaintiff that it had reauthorized the investigation for the 118th Congress.

8. On November 13, 2024, Plaintiff resigned from the 118th Congress after being publicly nominated to the position of Attorney General by the incoming President, Donald J. Trump. Upon information and belief, Defendants had not finalized or completed its investigation into Plaintiff.

9. Upon information and belief, on December 5, 2024, after Plaintiff resigned from Congress, Defendants voted to publicly release reports and/or investigation information related to the Defendants' investigation into Plaintiff as reported throughout the media. Despite the public media coverage, Defendants published a

press release on the same date without confirmation of the Defendants' decision to publicly release information related to the Plaintiff's investigation.

10. At no time has Plaintiff been notified by Defendants of Defendants' intent to publicly release information related to his investigation.

11. At no time has Plaintiff been provided copies of any reports or investigative materials by Defendants. As such, Plaintiff has been afforded no opportunity to respond to any report or investigative conclusions of Defendants.

12. Plaintiff has frequently and vehemently declared his innocence regarding the alleged misconduct, and requested Defendants cease their investigation and provide him appropriate due process rights. Defendants have been unresponsive to Plaintiff's demands.

13. On December 22, 2024, Plaintiff first learned of the potential that Defendants apparently intends to publicly release a report and/or other information related to Defendants' investigation into Plaintiff through media reports. Despite the media reports, no notice was provided by Defendants to Plaintiff of its apparent intent to release said information.

14. The referenced investigation by Defendants into Plaintiff's conduct are governed by the Rules of the Committee on Ethics, cited in footnote 1, above.

15. The Committee's own published reports explicitly state that it "loses jurisdiction over the individual" when a Member who is the subject of an investigation resigns from Congress. ("Summary of Activities, 117th Congress,

Report of the Committee on Ethics," Jan. 2, 2023). This jurisdictional limitation has been consistently and repeatedly applied by the Committee in recent cases:

a. In the Matter of Allegations Relating to Representative Steven Palazzo (2023), the Committee acknowledged it "will no longer have jurisdiction to continue the investigation" after the member left Congress;

b. Upon Representative Fortenberry's resignation on March 31, 2022, the Committee stated it "lost jurisdiction to continue its investigation";

c. Following Representative Hagedorn's death on February 17, 2022, the Committee declared it "lost jurisdiction to continue its investigation";

d. When Representative Reed resigned on March 10, 2022, the Committee immediately confirmed it "lost jurisdiction to continue its investigation";

e. Upon former-Representative Sample's resignation from the First Congressional District of Minnesota on August 9, 2022, the Committee similarly stated it "lost jurisdiction to continue its investigation."

16. This consistent pattern of jurisdictional determinations establishes that the Committee's position regarding its lack of authority over former members represents a clear, well-established policy rather than an isolated interpretation. Despite this clear and repeatedly affirmed jurisdictional bar, the Committee has announced its intention to release an investigative report concerning Plaintiff during the upcoming congressional recess.

17. On or about May 24, 2024, Plaintiff provided statements to Defendants regarding the allegations. Those statements, replicated below, are adopted herein as statements of fact:

a. You allege: "Representative Gaetz may have engaged in sexual misconduct, including violations federal laws relating to sex trafficking and state laws relating to prostitution and statutory rape."

b. This allegation is false. These allegations were investigated by the Department of Justice and the investigation was completely dropped. You are eminently aware that this was a thorough investigation that exonerated me, because numerous leaks from your Committee suggest you are reinterviewing witnesses interviewed by DOJ, and you are seeking release of the DOJ case file.

c. You allege: "Representative Gaetz may have engaged in illicit drug use, including the use or distribution of cocaine and marijuana, including in connection with commercial sexual activity."

d. This allegation is false.

e. You allege: "Representative Gaetz may have shared inappropriate images or videos on the House floor, including videos or images of a nude woman."

f. This allegation is false.

g. You allege, "Representative Gaetz may have misused state identification records, including unauthorized review of Florida driving license records and/or obtaining fraudulent or unauthorized identification records."

h. This allegation is false.

i. You allege: "Representative Gaetz may have converted campaign funds to personal use, including expenditures for lodging intended to facilitate commercial sexual activity, and/or illicit drug use."

j. This allegation is false. The Federal Election Commission investigated allegations of misuse of campaign funds and found them baseless. They voted unanimously to hold that there was "no reason to believe" that I converted campaign funds to personal use. Not that

they just believed my story: there was no evidence to refute it. See Attached Exhibit "A."

k. You allege: "Representative Gaetz may have accepted a bribe, improper gratuity or impermissible gift, including through travel-related expenses in connection with a 2018 trip to the Bahamas."

l. This allegation is false. Again, these allegations were investigated by the Department of Justice and no charges were brought against me. Furthermore, you have received voluminous documentary evidence from me, demonstrating the falsity of this allegation.

m. To my detriment, your Committee, with publicly reported Democratic staff at the helm, reopened this apparently endless investigation this Congress, without any complaint by anyone. And it seems your investigation exists largely as a platform to release harmful leaks about me, often falsely implying improper conduct on my part. As you know, Rules 18 and 19 of the Committee contemplate establishing an Investigative Subcommittee for matters wherein a member could be compelled to offer testimony.

n. Furthermore, I have written you thirteen times regarding the leaks springing from your investigation. See my correspondence attached as composite Exhibit "B." You have failed to stop these leaks, remediate them or even slow them down. Thus, I demand that the committee address this issue prior to me providing any oral testimony to the Committee.

18. Throughout its investigation, the Committee has systematically denied Plaintiff fundamental procedural protections required by its own rules, including:

a. Access to evidence gathered during the investigation;

b. Meaningful opportunity to present exculpatory evidence;

c. Ability to subpoena relevant witnesses and documents;

d. Meaningful opportunity to respond to specific allegations.

19. Upon information and belief, Defendants' intention to release reports and/or investigatory information related to Plaintiff contains untruthful and defamatory information concerning Plaintiff, which, if publicly released, would significantly damage Plaintiff's standing and reputation in the community. Once released, the damage to Plaintiff's reputation and professional standing would be immediate, severe and irreversible, particularly because: a. The Committee's findings would carry the imprimatur of official Congressional action; b. Media coverage would be immediate and widespread; c. The allegations would permanently remain in the public record; d. No adequate remedy exists to retract or correct information once released; e. Sovereign immunity would likely bar any subsequent damages action.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF CONSTITUTIONAL RIGHTS AND ULTRA VIRES ACTION
(Fifth Amendment to the U.S. Constitution)

20. Plaintiff incorporates by reference paragraphs 1-19 above.

21. As established in *Powell v. McCormack*, congressional actions that exceed constitutional authority or violate individual rights are subject to judicial review, particularly when they require "no more than an interpretation of the Constitution." 395 U.S. at 548.

22. The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving individuals of liberty or property interests without adequate procedural protections.

23. The Committee's actions constitute an ultra vires exercise of authority by attempting to exercise jurisdiction over a private citizen in direct contravention of its own rules and constitutional limitations.

24. The Committee's threatened release of potentially defamatory information without providing basic procedural protections violates Plaintiff's due process rights and exceeds its constitutional authority.

## COUNT II - VIOLATION OF THE PRIVACY ACT
(5 U.S.C. § 552a)

25. Plaintiff incorporates by reference paragraphs 1-24 above.

26. The Privacy Act prohibits federal agencies from disclosing records about individuals without proper authorization, notice, and procedural safeguards.

27. The Committee's planned release of investigative findings about Plaintiff without required authorization, notice, and procedural protections violates the Privacy Act because of the following deficiencies:

a. Failure of Defendant to obtain written consent from Plaintiff;

b. Failure to establish information related to Plaintiff is, at this time, related to official duties or law enforcement activity;

c. Failure to establish a disclosure is mandated by Federal law;

d. Failure to establish any other permitted purpose.

## COUNT III - DEFAMATION
(District of Columbia Common Law)

28. Plaintiff incorporates by reference paragraphs 1-26 above.

29. Upon information and belief, the Committee's report contains false and defamatory statements concerning Plaintiff.

30. The Committee's release of such statements without providing Plaintiff an opportunity to review and respond would constitute defamation under District of Columbia law.

31. The Committee's actions exceed its constitutional and statutory authority, removing any claim to absolute immunity.

32. The anticipated statements and release of information by Defendants is expected to include reference and make conclusions that Plaintiff engaged in conduct amounting to “misconduct” or was otherwise unethical. The anticipated statements and information is false, factually incorrect, and untrue because Plaintiff did not violate any criminal code or other standard of ethics within the jurisdiction of Defendants.

33. Plaintiff will suffer harm to his reputation and standing in the community.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a temporary restraining order and preliminary injunction prohibiting Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from releasing, publishing, or otherwise making public any report, findings, or other materials relating to their investigation of Plaintiff;

B. Set an expedited briefing schedule for full consideration of Plaintiff's motion for preliminary injunction;

C. Order that any temporary restraining order or preliminary injunction issue without bond or upon posting of a nominal bond;

D. Award Plaintiff his costs and reasonable attorneys' fees; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: December 23, 2024

Respectfully submitted,

*LOCAL COUNSEL*
/S/ JONATHAN GROSS
JONATHAN GROSS
BAR # MD126
2833 SMITH AVE.,
SUITE 331
BALTIMORE, MD 21209
(443)813-0141
JONATHANSGROSS@GMAIL.COM

*Counsel of Record*
ANDREW D. CHERKASKY, ESQ.
GOLDEN LAW, INC.
1330 AVE OF THE AMERICAS
23RD FLOOR
NEW YORK, NY 10019
TEL: 949-391-1602
ANDY@GOLDENLAWINC.COM
(PRO HAC VICE PENDING)

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MATTHEW L. GAETZ II**<br>*Plaintiff*<br><br>**v.**<br><br>**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**<br>*Defendants.* | **DECLARATION OF PLAINTIFF IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Civil Action No: 24-cv-3584 |

DECLARATION OF PLAINTIFF

I, Matthew L. Gaetz II declare:

1. I am the Plaintiff in the above-captioned matter.

2. I have reviewed the factual assertions contained in the Complaint and the Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction. The statements of fact contained therein are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Matthew L. Gaetz, II, Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**MATTHEW L. GAETZ II**
*Plaintiff*

**v.**

**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**
*Defendants.*

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Civil Action No: 24-cv-3584

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Matthew L. Gaetz II moves for an emergency temporary restraining order and preliminary injunction as set out below and for the reasons set out in the accompanying Memorandum and Verified Complaint for Declaratory and Injunctive Relief. Fed. R. Civ. P. 65(a).

As set out more fully in the Memorandum Of Law, Plaintiff challenges the House Ethics Committee's authority to release investigative findings concerning himself as a private citizen after explicitly acknowledging it lacks jurisdiction over former members. This represents an unprecedented overreach that threatens fundamental constitutional rights and established procedural protections along with violations of the Privacy Act, 5 U.S.C. § 552a.

The Committee's contemplated action directly contradicts its own published rules and consistent precedent, as demonstrated in multiple recent cases where the Committee explicitly stated in its Annual Report that it "lost jurisdiction" upon a member's departure from Congress, including: Matter of Allegations Relating to

Representative Steven Palazzo (2023), Representative Fortenberry (March 2022), Representative Hagedorn (February 2022), Representative Reed (March 2022), and Mr. Sample (August 2022).

Plaintiff submits that he meets the standards for a temporary restraining order, i.e., he has probable success on the merits, he will be irreparably harmed by the release of potentially defamatory information without due process protections, others will not be substantially harmed by maintaining the status quo, the public interest will be served by ensuring congressional committees operate within their constitutional bounds, and there is no adequate remedy at law for the imminent violation of constitutional and statutory rights.

Pursuant to Local Rule of Civil Procedure 7(m), Plaintiff has not conferred with Defendants for reasons outlined in the attached Declarations.

Because a preliminary injunction presents no monetary risks to the Committee, Plaintiff requests that no bond be required, or that bond be set at $1. Fed. R. Civ. P. 65(c).

For the reasons stated in the accompanying Memorandum and Complaint, Plaintiff prays that the Court grant this motion and preliminarily enjoin the Committee from releasing any investigative findings concerning Plaintiff until a final hearing on the merits.

Oral argument is requested on this motion because of the complex constitutional and jurisdictional issues involved in this case.

Respectfully submitted,

*LOCAL COUNSEL*
/S/ JONATHAN GROSS
JONATHAN GROSS
BAR # MD126
2833 SMITH AVE.,
SUITE 331
BALTIMORE, MD 21209
(443)813-0141
JONATHANSGROSS@GMAIL.COM

*Counsel of Record*
ANDREW D. CHERKASKY, ESQ.
GOLDEN LAW, INC.
1330 AVE OF THE AMERICAS
23RD FLOOR
NEW YORK, NY 10019
TEL: 949-391-1602
ANDY@GOLDENLAWINC.COM
(PRO HAC VICE PENDING)

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MATTHEW L. GAETZ II**<br>*Plaintiff*<br><br>**v.**<br><br>**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**<br>*Defendants.* | **ATTORNEY DECLARATION IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Civil Action No: 24-cv-3584 |

DECLARATION AS TO TIMING OF
REQUEST FOR EMERGENCY RELIEF

I, Jonathan Gross, Esq. hereby declare:

Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction is being filed on an emergency basis without prior notice to the opposing party. The Court should consider this application due to the following exigent circumstances outside the control of Plaintiff:

1. As of the time of this filing, defendants have not provided official notice of their intent to publicly release a House Ethics Committee Report concerning Plaintiff, a former member of the House of Representatives. House Rules require one day written notice to a respondent before public release.

2. On Sunday December 22, 2024, Plaintiff received information through the media citing unnamed sources who have claimed the Committee intended to release the report publicly on Monday December 23, 2024. These press reports have not been confirmed by Defendants or other official sources.

3. Given the gravity of harm Plaintiff stands to suffer, an emergency review by this Court is necessary. Plaintiff has exhausted all known and available remedies to address the harm prior to filing this action.

Respectfully submitted,

*Local Counsel*
/s/ Jonathan Gross
Jonathan Gross
Bar # MD126
2833 Smith Ave.,
Suite 331
Baltimore, MD 21209
(443)813-0141
jonathansgross@gmail.com

*Counsel of Record*
Andrew D. Cherkasky, Esq.
Golden Law, Inc.
1330 Ave of the Americas
23rd Floor
New York, NY 10019
Tel: 949-391-1602
Andy@GoldenLawInc.com
(pro hac vice pending)

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MATTHEW L. GAETZ II**
*Plaintiff*

**v.**

**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**
*Defendants.*

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Civil Action No: 24-cv-3584

MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION

*Local Counsel*
Jonathan Gross
Bar # MD126
2833 Smith Ave.,
Suite 331
Baltimore, MD 21209
(443)813-0141
jonathansgross@gmail.com

*Counsel of Record*
Andrew D. Cherkasky, Esq.
Golden Law, Inc.
1330 Ave of the Americas
23rd Floor
New York, NY 10019
Tel: 949-391-1602
Andy@GoldenLawInc.com
(pro hac vice pending)

*Counsel for Plaintiff*

## Table of Contents

Introduction 1

Jurisdiction 1

Facts 2

Argument 8

I. Plaintiff Has a Substantial Likelihood of Success on the Merits 8

A. *The Committee Lacks Jurisdiction Over Former Members* 8

B. *Release of Report Would Violate Due Process Rights* 10

C. *Release of Report Would Violate the Privacy Act* 12

II. Plaintiff Will Suffer Irreparable Injury Without The Injunction 11

III. The Injunction Will Not Substantially Injure Other Interested Parties 13

IV. The Public Interest Favors Granting the Injunction 14

Prayer for Relief 15

## Table of Authorities

Cases

*Chaplaincy of Full Gospel Churches v. England* 8, 11

454 F.3d 290, 297 (D.C. Cir. 2006)

*Powell v. McCormack* 1, 2, 10

395 U.S. 486 (1969)

*League of Women Voters v. Newby* 14

838 F.3d 1, 12 (D.C. Cir. 2016)

*R.I.L-R v. Johnson* 14

80 F. Supp. 3d 164, 191 (D.D.C. 2015)

Argument Statutes and Constitutional Provisions

5 U.S.C. § 552a 12

28 U.S.C. § 1331 1

28 U.S.C. § 1391(b)(2) 2

## Introduction

This case presents a straightforward question of whether a Congressional committee may exercise continuing jurisdiction over a private citizen after that committee has explicitly disclaimed such authority. The House Ethics Committee's announced intention to release an investigative report concerning Plaintiff, a former member of Congress, directly contradicts the Committee's own rules stating that it "loses jurisdiction over the individual" when a Member resigns.

The Committee's position that it may nonetheless publish potentially defamatory findings about a private citizen over whom it claims no jurisdiction represents an unprecedented expansion of Congressional power that threatens fundamental constitutional rights and established procedural protections.

## Jurisdiction, Standing and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States.

Plaintiff has standing to bring this action despite his status as a former Member of Congress. The Supreme Court's decision in *Powell v. McCormack*, 395 U.S. 486 (1969), explicitly establishes that former Members of Congress maintain standing to challenge congressional actions that threaten personal injury to their rights and interests. As in *Powell*, where the Court found standing based on the plaintiff's claim for back pay even after he had been seated in a subsequent Congress, Plaintiff here faces concrete personal injury from the Committee's ultra vires actions that would persist regardless of his current status.

The justiciability of Plaintiff's claims is further supported by *Powell's* holding that courts may review congressional actions when they require "no more than an interpretation of the Constitution." 395 U.S. at 548. The present case similarly presents a straightforward question of the Committee's constitutional authority to release potentially defamatory information about a private citizen after acknowledging it lacks jurisdiction over former members.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this district.

## FACTS

1. Plaintiff Matthew Gaetz is a private citizen and former Member of the House of Representatives. Defendants United States House of Representatives Committee on Ethics is a standing committee of the U.S. House of Representatives. Defendants Michael Guest is the Chairman of the Committee and is sued in his official capacity.

2. Plaintiff is a resident of the State of Florida.

3. Defendant, United States House of Representatives Committee on Ethics, is a Federal Governmental body, specifically a committee comprised of congressional representatives controlled and governed by the Rules of the Committee on Ethics[1].

4. Defendant, Michael Guest, is a resident of the State of Mississippi. He is a member of the House of Representatives and Chairman of the House Committee on Ethics.

5. On or about April 9, 2021, Defendants first made a public statement indicating its investigation into Plaintiff, stating:

[1] https://ethics.house.gov/wp-content/uploads/2024/11/CoE-Adopted-Rules-118th_0.pdf

> The Committee is aware of public allegations that Representative Matt Gaetz may have engaged in sexual misconduct and/or illicit drug use, shared inappropriate images or videos on the House floor, misused state identification records, converted campaign funds to personal use, and/or accepted a bribe, improper gratuity, or impermissible gift, in violation of House Rules, laws, or other standards of conduct. The Committee, pursuant to Committee Rule 18(a), has begun an investigation and will gather additional information regarding the allegations.

6. On or about February 15, 2023, the United States Department of Justice ("DOJ") advised Plaintiff it was not pursuing criminal charges against him for allegations of sex trafficking, obstruction of justice, or any other federal charges. Upon information and belief, the allegations investigated by the DOJ substantially overlapped with the allegations investigated by the Committee.

7. On or about May 23, 2023, Defendants notified Plaintiff that it had reauthorized the investigation for the 118th Congress.

8. On November 13, 2024, Plaintiff resigned from the 118th Congress after being publicly nominated to the position of Attorney General by the incoming President, Donald J. Trump. Upon information and belief, Defendants had not finalized or completed its investigation into Plaintiff.

9. Upon information and belief, on December 5, 2024, after Plaintiff resigned from Congress, Defendants voted to publicly release reports and/or investigation information related to the Defendants' investigation into Plaintiff as reported throughout the media. Despite the public media coverage, Defendants published a press release on the same date without confirmation of the Defendants' decision to publicly release information related to the Plaintiff's investigation.

10. At no time has Plaintiff been notified by Defendants of Defendants' intent to publicly release information related to his investigation.

11. At no time has Plaintiff been provided copies of any reports or investigative materials by Defendants. As such, Plaintiff has been afforded no opportunity to respond to any report or investigative conclusions of Defendants.

12. Plaintiff has frequently and vehemently declared his innocence regarding the alleged misconduct, and requested Defendants cease their investigation and provide him appropriate due process rights. Attachment 5. Defendants have been unresponsive to Plaintiff's demands.

13. On December 22, 2024, Plaintiff first learned of the potential that Defendants apparently intends to publicly release a report and/or other information related to Defendants' investigation into Plaintiff through media reports. Despite the media reports, no notice was provided by Defendants to Plaintiff of its apparent intent to release said information.

14. The referenced investigation by Defendants into Plaintiff's conduct are governed by the Rules of the Committee on Ethics, cited in footnote 1, above.

15. The Committee's own published reports explicitly state that it "loses jurisdiction over the individual" when a Member who is the subject of an investigation resigns from Congress. ("Summary of Activities, 117th Congress, Report of the Committee on Ethics," Jan. 2, 2023). This jurisdictional limitation has been consistently and repeatedly applied by the Committee in recent cases:

a. In the Matter of Allegations Relating to Representative Steven Palazzo (2023), the Committee acknowledged it "will no longer have jurisdiction to continue the investigation" after the member left Congress;

b. Upon Representative Fortenberry's resignation on March 31, 2022, the Committee stated it "lost jurisdiction to continue its investigation";

c. Following Representative Hagedorn's death on February 17, 2022, the Committee declared it "lost jurisdiction to continue its investigation";

d. When Representative Reed resigned on March 10, 2022, the Committee immediately confirmed it "lost jurisdiction to continue its investigation";

e. Upon former-Representative Sample's resignation from the First Congressional District of Minnesota on August 9, 2022, the Committee similarly stated it "lost jurisdiction to continue its investigation."

16. This consistent pattern of jurisdictional determinations establishes that the Committee's position regarding its lack of authority over former members represents a clear, well-established policy rather than an isolated interpretation. Despite this clear and repeatedly affirmed jurisdictional bar, the Committee has announced its intention to release an investigative report concerning Plaintiff during the upcoming congressional recess.

17. On or about May 24, 2024, Plaintiff provided statements to Defendants regarding the allegations. Those statements, replicated below, are adopted herein as statements of fact:

a. You allege: “Representative Gaetz may have engaged in sexual misconduct, including violations federal laws

relating to sex trafficking and state laws relating to prostitution and statutory rape."

b. This allegation is false. These allegations were investigated by the Department of Justice and the investigation was completely dropped. You are eminently aware that this was a thorough investigation that exonerated me, because numerous leaks from your Committee suggest you are reinterviewing witnesses interviewed by DOJ, and you are seeking release of the DOJ case file.

c. You allege: "Representative Gaetz may have engaged in illicit drug use, including the use or distribution of cocaine and marijuana, including in connection with commercial sexual activity."

d. This allegation is false.

e. You allege: "Representative Gaetz may have shared inappropriate images or videos on the House floor, including videos or images of a nude woman."

f. This allegation is false.

g. You allege, "Representative Gaetz may have misused state identification records, including unauthorized review of Florida driving license records and/or obtaining fraudulent or unauthorized identification records."

h. This allegation is false.

i. You allege: "Representative Gaetz may have converted campaign funds to personal use, including expenditures for lodging intended to facilitate commercial sexual activity, and/or illicit drug use."

j. This allegation is false. The Federal Election Commission investigated allegations of misuse of campaign funds and found them baseless. They voted unanimously to hold that there was "no reason to believe" that I converted campaign funds to personal use. Not that they just believed my story: there was no evidence to refute it. See Attached Exhibit "A."

k. You allege: "Representative Gaetz may have accepted a bribe, improper gratuity or impermissible gift, including through travel-related expenses in connection with a 2018 trip to the Bahamas."

l. This allegation is false. Again, these allegations were investigated by the Department of Justice and no charges were brought against me. Furthermore, you have received voluminous documentary evidence from me, demonstrating the falsity of this allegation.

m. To my detriment, your Committee, with publicly reported Democratic staff at the helm, reopened this apparently endless investigation this Congress, without any complaint by anyone. And it seems your investigation exists largely as a platform to release harmful leaks about me, often falsely implying improper conduct on my part. As you know, Rules 18 and 19 of the Committee contemplate establishing an Investigative Subcommittee for matters wherein a member could be compelled to offer testimony.

n. Furthermore, I have written you thirteen times regarding the leaks springing from your investigation. See my correspondence attached as composite Exhibit "B." You have failed to stop these leaks, remediate them or even slow them down. Thus, I demand that the committee address this issue prior to me providing any oral testimony to the Committee.

18. Throughout its investigation, the Committee has systematically denied Plaintiff fundamental procedural protections required by its own rules, including:

a. Access to evidence gathered during the investigation;

b. Meaningful opportunity to present exculpatory evidence;

c. Ability to subpoena relevant witnesses and documents;

d. Meaningful opportunity to respond to specific allegations.

19. Upon information and belief, Defendants' intention to release reports and/or investigatory information related to Plaintiff contains untruthful and defamatory information concerning Plaintiff, which, if publicly released, would significantly damage Plaintiff's standing and reputation in the community. Once released, the damage to Plaintiff's reputation and professional standing would be immediate, severe and irreversible, particularly because: a. The Committee's findings would carry the imprimatur of official Congressional action; b. Media coverage would be immediate and widespread; c. The allegations would permanently remain in the public record; d. No adequate remedy exists to retract or correct information once released; e. Sovereign immunity would likely bar any subsequent damages action.

## ARGUMENT

Four factors govern preliminary injunctive relief: (1) a substantial likelihood of success on the merits, (2) that irreparable injury will result without the injunction, (3) that an injunction will not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

### I. PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

#### *A. THE COMMITTEE LACKS JURISDICTION OVER FORMER MEMBERS*

The Committee's jurisdictional limitation is not merely procedural but substantive - it represents the complete cessation of authority to take any action affecting the former member's rights and interests. This includes the authority to release reports or findings, regardless of when such materials were prepared.

The Committee's own rules and procedures establish an integrated framework of rights, obligations, and protections that govern both the investigation process and the public release of findings. These procedures explicitly recognize that the public release of investigative findings constitutes an exercise of the Committee's authority that can significantly impact the subject's rights and interests.

When the Committee loses jurisdiction over an individual, it loses all authority to subject that person to any aspect of its rules and procedures - including those governing the public release of potentially damaging information. The Committee cannot selectively retain certain aspects of its authority while disclaiming jurisdiction over the individual.

This interpretation is supported by fundamental principles of administrative law establishing that an agency or committee's authority to act is binary - it either has jurisdiction over a matter or it does not. There is no middle ground where the Committee can claim to lack jurisdiction over an individual while simultaneously asserting authority to take actions affecting that person's rights and interests.

The involvement of this Honorable Court is necessary to ensure Defendants discontinue their pursuit of ethics investigations, preparation of reports, and publication of related materials to the public. Defendants have already continued to pursue this action without regard for their own rules and precedent prohibiting such action under the circumstances. Plaintiff has a substantial likelihood of success on the merits because Defendants have repeatedly flaunted their lack of jurisdiction over Plaintiff after his resignation from the 118th House of

Representatives by continuing to conduct activity and business concerning Plaintiff without appropriate cause and in violation of their rules and precedent.

### *B. Release of Report Would Violate Due Process Rights*

The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving individuals of liberty or property interests without adequate procedural protections. The Committee's threatened release of potentially defamatory information without providing basic procedural protections violates these constitutional guarantees.

The Supreme Court's decision in *Powell v. McCormack* explicitly establishes that former Members of Congress maintain standing to challenge congressional actions that threaten personal injury to their rights and interests. As in *Powell*, where the Court found standing based on the plaintiff's claim for back pay even after he had been seated in a subsequent Congress, Plaintiff here faces concrete personal injury from the Committee's ultra vires actions that would persist regardless of his current status.

The involvement of this Honorable Court is necessary to ensure Defendants adhere to the strict rules and procedures set forth in its governing documents, specifically, the Rules of the Committee on Ethics, and constitutional notions of due process. Plaintiff has a substantial likelihood of of success on the merits because Defendants have violated the rules within the Rules of the Committee on Ethics governing public disclosure, to include, but not limited to:

> Rule 7(e), which provides that: "A Statement of Alleged Violation and any written response thereto shall be made public at the first meeting

> or hearing on the matter that is open to the public after the respondent has been given full opportunity to respond pursuant to Rule 22. Any other materials in the possession of the Committee regarding such statement may be made public as authorized by the Committee to the extent consistent with the Rules of the House of Representatives. If no public hearing is held on the matter, the Statement of Alleged Violation and any written response thereto shall be included in the Committee's final report on the matter to the House of Representatives.

> Rule 17A(b)(2), which provides that: "At least one calendar day before the Committee makes public any report and findings of the Board, the Chair shall notify in writing the Board and the Member, officer, or employee who is the subject of the referral of the impending public release of these documents. At the same time, the Chair shall transmit a copy of any public statement on the Committee's disposition of the matter and any accompanying Committee report to the individual who is the subject of the referral.

## II. Plaintiff Will Suffer Irreparable Injury Without the Injunction

The threatened release of information believed to be defamatory by a Congressional committee concerning matters of sexual propriety and other acts of alleged moral turpitude constitutes irreparable harm that cannot be adequately remedied through monetary damages. Once the report is released, the damage to Plaintiff's reputation and professional standing would be immediate and severe. Courts have consistently recognized that damage to reputation, particularly when inflicted by governmental action, constitutes irreparable injury for purposes of preliminary injunctive relief. The D.C. Circuit has specifically held that where First Amendment and reputational interests are at stake, the harm is "both certain and great" and "actual and not theoretical." *Chaplaincy of Full Gospel Churches*, 454 F.3d at 301.

The harm here is particularly acute because:

1. The Committee's findings would carry the imprimatur of official Congressional action;
2. Media coverage would be immediate and widespread;
3. The allegations would permanently remain in the public record;
4. No adequate remedy exists to retract or correct information once released;
5. Sovereign immunity would likely bar any subsequent damages action.

Plaintiff has a substantial likelihood of success on the merits because the matters expected to be made public are false and would cause irreparable harm to Plaintiff. Defendants have violated the rules within the Rules of the Committee on Ethics governing public disclosure, to include, but not limited toThese factors demonstrate that absent preliminary relief, Plaintiff faces precisely the sort of irreparable injury that preliminary injunctions are designed to prevent.

***C. Release of Report Would Violate the Privacy Act (*5 U.S.C. § 552a)**

The Privacy Act, 5 U.S.C. § 552a prohibits federal agencies from disclosing records about individuals without proper authorization, notice, and procedural safeguards.

The Committee's planned release of investigative findings about Plaintiff without required authorization, notice, and procedural protections violates the Privacy Act because of the following deficiencies:

a. Failure of Defendant to obtain written consent from Plaintiff;

b. Failure to establish information related to Plaintiff is, at this time, related to official duties or law enforcement activity;

c. Failure to establish a disclosure is mandated by Federal law;

d. Failure to establish any other permitted purpose.

Plaintiff has a substantial likelihood of success on the merits because as a private citizen, Defendants have established no legitimate basis for release of private information related to the Plaintiff consistent with The Privacy Act.

**III. The Injunction Will Not Substantially Injure Other Interested Parties**

The Committee will suffer no cognizable injury from an injunction temporarily preventing publication of its report. While the Committee may assert a general interest in carrying out its investigative functions, this interest cannot extend beyond its jurisdictional boundaries. As the Committee itself has repeatedly acknowledged, it has no continuing authority over former members.

Any claim of injury to the Committee's investigative or oversight function is particularly weak here because:

1. The Committee has already explicitly disclaimed jurisdiction over former members;
2. A temporary delay in publication pending resolution of jurisdictional issues poses no meaningful harm to Committee operations;
3. The Committee retains full authority to investigate and discipline current members;
4. The Committee's own rules and precedents recognize that jurisdiction ceases upon a member's departure.

The D.C. Circuit has consistently held that federal agencies "cannot suffer harm from an injunction that merely ends an unlawful practice." *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015). This principle applies with even greater force where, as here, the Committee itself has declared it lacks jurisdiction to act.

**IV. The Public Interest Favors Granting the Injunction**

The public interest strongly favors preliminary relief to maintain the status quo while the Court considers these significant constitutional and jurisdictional questions. Several factors demonstrate why an injunction serves the public interest: First, the public has a fundamental interest in ensuring that congressional committees operate within their constitutional and jurisdictional boundaries. As the United States Court of Appeals for the District of Columbia has recognized, the public interest is served by ensuring that governmental bodies comply with the law, and particularly with the Constitution. *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

Second, allowing the Committee to exceed its jurisdiction would set a dangerous precedent whereby congressional committees could continue to exercise authority over private citizens long after the basis for that authority has ceased. This would fundamentally alter the relationship between Congress and private citizens in ways that threaten individual liberty.

Third, the public interest is served by ensuring that procedural protections are meaningfully enforced. The Committee's own rules establishing jurisdictional

limits and procedural safeguards serve important public purposes that would be undermined if the Committee could simply ignore these constraints.

Fourth, temporarily maintaining the status quo while the Court considers these important issues poses no meaningful harm to any public interest. The public will not be deprived of any information to which it is legally entitled; at most, release of the Committee's report would be briefly delayed pending judicial review. Finally, the public interest is particularly strong here because this case presents novel questions about the scope of congressional committee jurisdiction over private citizens. Allowing time for careful judicial consideration of these issues serves the public's interest in constitutional governance and the rule of law.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a temporary restraining order and preliminary injunction prohibiting Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from releasing, publishing, or otherwise making public any report, findings, or other materials relating to their investigation of Plaintiff;

B. Set an expedited briefing schedule for full consideration of Plaintiff's motion for preliminary injunction;

C. Order that any temporary restraining order or preliminary injunction issue without bond or upon posting of a nominal bond;

D. Grant such other and further relief as this Court deems just and proper.

Dated: December 23, 2024

Respectfully submitted,

*Local Counsel*

/s/ Jonathan Gross
Jonathan Gross
Bar # MD126
2833 Smith Ave.,
Suite 331
Baltimore, MD 21209
(443)813-0141
jonathansgross@gmail.com

*Counsel of Record*
Andrew D. Cherkasky, Esq.
Golden Law, Inc.
1330 Ave of the Americas
23rd Floor
New York, NY 10019
Tel: 949-391-1602
Andy@GoldenLawInc.com
(pro hac vice pending)

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MATTHEW L. GAETZ II**<br>*Plaintiff*<br><br>**v.**<br><br>**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**<br>*Defendants.* | [PLAINTIFFS' PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Civil Action No: 24-cv-3584 |

[PLAINTIFFS' PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Having fully considered Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, the Court finds that Plaintiff has demonstrated good cause for the Court to issue a Temporary Restraining Order and Preliminary Injunction, as Plaintiff has shown both a substantial likelihood of success on the merits and he that he will suffer immediate and irreparable harm from Defendant's conduct absent immediate injunctive relief. The Court also finds that the balance of equities favors Plaintiff, and that the public interest will be served by this Order

This Temporary Restraining Order is issued without notice because (1) Plaintiff has established that he will suffer immediate and irreparable harm to his due process rights and rights protected by the Privacy Act, and (2) the timing of Defendant's proposed action without official notice to Plaintiff deprived Plaintiff of a meaningful opportunity to provide notice to Defendants.

Thus, the Court hereby ORDERS that:

1. Defendants, and their employees, agents, servants, officers and persons in concert with Defendants, are enjoined from publicly releasing the House Ethics Committee Report concerning Plaintiff.
2. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs are not required to post bond for this temporary restraining order.
3. Plaintiff shall make every reasonable effort to provide Defendant with notice of this Order.
4. The Temporary Restraining Order expires on _________, absent a showing of good cause why the Court should extend it or Defendants' consent.
5. A hearing on Plaintiffs' motion for a preliminary injunction will be held on ____________ at _______________. Defendants shall file any opposition no later than ___________________, and Plaintiff may file a reply no later than ___________.

IT IS SO ORDERED.

DATED: ___________

______________________________
United States District Judge