IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW L. GAETZ II**<br>*Plaintiff*<br><br>v.<br><br>**UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON ETHICS, and MICHAEL GUEST, in his official capacity as Chairman of the House Committee on Ethics,**<br>*Defendants.* | **MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Civil Action No: |

### MOTION FOR TEMPORARY RESTRAINING ORDER

Matthew L. Gaetz II moves for an emergency temporary restraining order and preliminary injunction as set out below and for the reasons set out in the accompanying Memorandum and Verified Complaint for Declaratory and Injunctive Relief. Fed. R. Civ. P. 65(a).

As set out more fully in the Memorandum Of Law, Plaintiff challenges the House Ethics Committee's authority to release investigative findings concerning himself as a private citizen after explicitly acknowledging it lacks jurisdiction over former members. This represents an unprecedented overreach that threatens fundamental constitutional rights and established procedural protections along with violations of the Privacy Act, 5 U.S.C. § 552a.

The Committee's contemplated action directly contradicts its own published rules and consistent precedent, as demonstrated in multiple recent cases where the Committee explicitly stated in its Annual Report that it "lost jurisdiction" upon a member's departure from Congress, including: Matter of Allegations Relating to

Representative Steven Palazzo (2023), Representative Fortenberry (March 2022), Representative Hagedorn (February 2022), Representative Reed (March 2022), and Mr. Sample (August 2022).

Plaintiff submits that he meets the standards for a temporary restraining order, i.e., he has probable success on the merits, he will be irreparably harmed by the release of potentially defamatory information without due process protections, others will not be substantially harmed by maintaining the status quo, the public interest will be served by ensuring congressional committees operate within their constitutional bounds, and there is no adequate remedy at law for the imminent violation of constitutional and statutory rights.

Pursuant to Local Rule of Civil Procedure 7(m), Plaintiff has not conferred with Defendants for reasons outlined in the attached Declarations.

Because a preliminary injunction presents no monetary risks to the Committee, Plaintiff requests that no bond be required, or that bond be set at $1. Fed. R. Civ. P. 65(c).

For the reasons stated in the accompanying Memorandum and Complaint, Plaintiff prays that the Court grant this motion and preliminarily enjoin the Committee from releasing any investigative findings concerning Plaintiff until a final hearing on the merits.

Oral argument is requested on this motion because of the complex constitutional and jurisdictional issues involved in this case.

Respectfully submitted,

*Local Counsel*
/s/ Jonathan Gross
Jonathan Gross
Bar # MD126
2833 Smith Ave.,
Suite 331
Baltimore, MD 21209
(443)813-0141
jonathansgross@gmail.com

*Counsel of Record*
Andrew D. Cherkasky, Esq.
Golden Law, Inc.
1330 Ave of the Americas
23rd Floor
New York, NY 10019
Tel: 949-391-1602
Andy@GoldenLawInc.com
(pro hac vice pending)

*Counsel for Plaintiff*